**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000692
30-MAY-2019
08:41 AM**

NO. CAAP-18-0000692

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
SAMUEL JOO RIM SU, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-18-00252)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Hiraoka, JJ.)

Defendant-Appellant Samuel Joo Rim Su (Su) appeals from
the August 2, 2018 Judgment entered by the District Court of the
First Circuit, Honolulu Division (District Court),[1] convicting Su
of Operating a Vehicle Under the Influence of an Intoxicant
(OVUII) in violation of Hawaii Revised Statutes (HRS) § 291E-
61(a)(1) (2007)

On appeal, Su maintains that the District Court erred
when it limited his cross-examination of one of the State's
witnesses.

After a careful review of the record and the applicable
authority, and giving due consideration to the issues raised and
the arguments made by the parties, we resolve Su's appeal as
follows and affirm.

---

[1] The Honorable Trish K. Morikawa presided.

Su designates as error the District Court's decision to limit his cross-examination of Officer Jared Spiker (Officer Spiker), the officer who conducted the field sobriety testing (FST) of Su, by prohibiting cross-examination regarding three specific instances of conduct.

> The scope and extent of cross and recross-examination of a witness is within the sound discretion of the trial judge. Under this standard, we will not disturb the trial court's exercise of its discretion unless it is clearly abused. An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party-litigant.

State v. Jackson, 81 Hawai'i 39, 47, 912 P.2d 71, 79 (1996) (citations and internal quotation marks omitted).

> Article I, section 14 of the Hawai'i Constitution and the sixth amendment to the United States Constitution guarantee criminal defendants the right to be confronted with witnesses against them. Implicit in a defendant's right to confront witnesses against him, is his right to cross-examine and to impeach the confronted witness. However, "the right to confront and to cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the trial process."

State v. Cordeiro, 99 Hawai'i 390, 420, 56 P.3d 692, 722 (2002) (citation, internal quotation marks, and brackets omitted).

"When the trial court excludes evidence tending to impeach a witness, it has not abused its discretion as long as the [trier of fact] has in its possession sufficient information to appraise the biases and motivations of the witness." State v. Sabog, 108 Hawai'i 102, 107, 117 P.3d 834, 839 (App. 2005) quoting State v. Balisbisana, 83 Hawai'i 109, 114, 924 P.2d 1215, 1220 (1996). Hawaii Rules of Evidence (HRE) Rule 608(b) provides, in pertinent part,

> (b) Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking the witness' credibility, if probative of untruthfulness, may be inquired into on cross-examination of the witness and, in the discretion of the court, may be proved by extrinsic evidence.

The hearing on Su's three requests was consolidated with trial, with Su's consent. In his first Notice of Intent, Su sought, pursuant to HRE Rules 404(a)(3) and 608(b), to use a

transcript of the testimony by Officer Spiker before the Administrative Drivers License Revocation Office (ADLRO) in ADLRO Case No. 16-02028, <u>In the Matter of Selina Kuni</u> to impeach him regarding the filing of an allegedly false sworn statement before the ADLRO. In this transcript, Officer Spiker is asked about his conduct in the <u>Kuni</u> case, specifically with regard to Officer Spiker's submission of the notice of Kuni's administrative revocation form (Notice of Revocation) to the ADLRO. Although not entirely clear, it appears that this Notice of Revocation, which was used to document whether Kuni would submit or refuse to submit to a blood alcohol test, was "not identical" to the one Officer Spiker provided to the ADLRO.[2] Officer Spiker acknowledged that the copy of the Notice of Revocation given to Kuni was not the same as the one submitted to the ADLRO,[3] insofar as Officer Spiker checked off certain boxes after he had made the copies. Nevertheless, Officer Spiker maintained that Kuni had initialed her refusals on the form.

The District Court ruled,

> So the court's going to note that the court does agree with the State in a sense that he did make the markings. He looked at it. He -- in his testimony, he explained why he did it. He said it was an error on his part. He did -- he recalled he [sic] did initial a refusal. And so based on that, the court's going to note that he admitted that the form was altered after giving it to her. So while -- I

---

[2]     Neither the copy given to Kuni nor to the ADLRO was presented to the District Court as part of the first Notice of Intent. In the transcript of the hearing before the ADLRO, the hearings officer confirmed with Kuni's defense counsel that he would be seeking a continuance to call Kuni as a witness to authenticate the exhibit proffered there as the form she received. Neither a transcript of any further hearing in the Kuni ADLRO case nor copies of either form are in the record in this appeal.

[3]     Officer Spiker testified as follows:

OFFICER SPIKER: I can't recall why I did that because normally I normally check it off and then make the copies but I can't recall why, I know she initialed everything that she refused. I just made an error on my part. As I recall she did initial a refusal . . . I guess it is just - -

ATTORNEY BURK: But whenever, on the form when you swear and affirm that you handed that form to her, that is not in fact true then, correct?

OFFICER SPIKER: Yes, in this instance, yes, not true.

guess -- well, technically, they signed the forms. He did
explain what he did and that he made an error, and he
explained it. So based on that, the court is going to not
allow counsel to cross-examine him in regard to the ADLRO --

The District Court went on to rule that, under HRE Rule 608, Officer Spiker had been questioned about the form and explained it.[4]

In his second Notice of Intent, Su sought permission to cross-examine Officer Spiker pursuant to HRE Rules 404 and 608(b) regarding his testimony in an unrelated OVUII case, State v. Lee, 1DTA-16-03978, and "if necessary" to introduce extrinsic evidence of the same. In Lee, Officer Spiker testified about his observations of Lee's driving leading to her stop, and provided his estimates regarding distances Lee traveled over a double solid yellow line, and the relative speeds and positions of their respective vehicles during the observations. The Lee trial court found that Officer Spiker's testimony "simply doesn't make physical sense" and acquitted Lee. The District Court ruled that Officer Spiker's testimony in the Lee case was composed of his estimates, that the Lee trial court never determined that Officer Spiker was not credible, but that "he was trying to be honest, you know, and unfortunately, [] what his testimony was didn't make sense."

In Notice of Intent #3, Su sought to impeach Officer Spiker with the officer's report and testimony in State v. Darrell Thomas, 1-DCW-16-0002046, allegedly contradicted by a video recording of the same incident introduced as evidence in

---

[4]    While somewhat ambiguous, the District Court seems to have held that the incident was not a specific example of untruthfulness under HRE Rule 608(b):

> THE COURT: -- 608. So specifically, for 608(b), the court has to look for specific instances of conduct of a witness for the -- for the purpose of attacking the witness's credibility if probative of untruthfulness. That's when it can be inquired into on cross-examination. So in light of the fact that at the time when he was questioned about it, he explained it and -- and -- and that -- and of that nature, then the court is going to -- that's why the court's denying it, okay?

Thomas. In Thomas, Officer Spiker was shown video recordings of security footage of the incident involved[5] and allowed to explain what he was shown and how it differed from the description of events he included in his police report. In lieu of the video recording, video stills were presented to the District Court.[6] The District Court ruled that based on the video stills, it could not conclude that Officer Spiker lied or misrepresented events in the police report.

On appeal, Su relies solely on HRE Rule 608 for his argument that he should have been allowed to cross-examine Officer Spiker regarding these three specific instances of conduct because each represented false information presented to the respective tribunals. We agree that specific instances of conduct may be inquired into on cross-examination of a witness "if probative of untruthfulness." Id. However, the District Court, after careful consideration of the documents presented by Su, found that each instance did not constitute examples of untruthfulness under HRE Rule 608(b).

Based on our review of the record, we do not disagree. The transcript of ADLRO proceedings submitted by Su reflected that Officer Spiker had been shown the Notice of Revocation form, which he acknowledged he marked after making copies and that he made a mistake and did not follow his normal procedure. The transcript of Officer Spiker's testimony in the Lee case showed that he testified as to estimates of distance and speed and that he was not certain of these numbers. Finally, although the screen shots of the surveillance videos in the Thomas case did not depict, for example, the clenched fist or a classic fighting

---

[5] Although the video recordings were admitted into evidence by the defense in Thomas, the transcript does not reveal whether the recordings captured the entire incident involved there. The foundation laid was merely that the video appeared to be surveillance video taken of the incident.

[6] However, both counsel referenced seeing the video recording in their arguments. Su presented the declaration of the attorney representing Darrel Thomas in 1DCW-16-0002046, who averred that the still shots "appear to be in substantially the same condition of the video evidence, but for the fact that they are still photos that appear to have been extracted from the video."

stance that Officer Spiker maintained Thomas displayed during the incident, neither the screen shots nor the video recordings themselves purported to be a complete documentation of the incident.  Each of the examples in the three Notices of Intent could fairly be characterized as mistakes, inaccuracies in memory or differences in interpretations of another's actions.

Furthermore, the District Court, having consolidated the hearing on the Notices of Intent with trial was able to review all the materials included in those Notices and the additional exhibits presented, and had "in its possession sufficient information to appraise the biases and motivations of the witness" and did not abuse its discretion by preventing further cross-examination of Officer Spiker on these incidents. Sabog, 108 Hawai'i at 107, 117 P.3d at 839; HRE Rule 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by . . . considerations of . . . needless presentation of cumulative evidence.").

For the foregoing reasons, the August 2, 2018 Judgment entered by the District Court of the First Circuit, Honolulu Division is affirmed.

DATED:  Honolulu, Hawai'i, May 30, 2019.

On the briefs:

Jonathan Burge,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appelle.

Presiding Judge

Associate Judge

Associate Judge